## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Robert C. Bolus Sr.** | |
| **Plaintiff** | **CIVIL ACTION NO.** |
| **vs.** | |
| **Louis DeNaples; DeNaples Auto Parts; Keystone Sanitary Landfill, Lackawanna County District Attorney's Office; John Doe; Lackawanna County District Attorney's Office; Pennsylvania State Police; Pennsylvania State Police (Troop "R"); John Doe, Pennsylvania State Police Troop "R"; Glen Walp, individually and as Pennsylvania State Police Commissioner; John Doe (A/K/A/ Confidential Informant A-1, Pennsylvania State Police Troop "R"); John Doe (A/K/A Confidential Informant A-2, Pennsylvania State Police Troop "R"); Kenneth Frohlick; Internal Revenue Service; John Doe, IRS Agent; Fidelity Deposit and Discount Bank.** | **JURY TRIAL DEMANDED** |
| **Defendants** | |

## VERIFIED COMPLAINT-CIVIL ACTION

Plaintiff, Robert Bolus, by and through his undersigned legal counsel, Anthony J.

Moses, Esquire, brings this action against the named Defendants, and in support thereof

claims that the named Defendants in their quest for monetary gain, political power,

political patronage, and/or the desire to monopolize commerce; did enlist, entice, or

engage numerous cohorts to aid and abet, or otherwise join in a conspiracy against

Plaintiff(s).  The plan was to obstruct, impede, impair, obstruct, prohibit, bar, or

otherwise stop Plaintiff(s) from operating a legitimate business of commerce, some of

which were interstate and/or foreign by trade.

As such, the Defendants have violated the laws, statutes, rules, and regulations,

prohibiting persons or enterprises from engaging in illegal activities, that are otherwise

considered violations of The Civil Racketeering and Corrupt Organizations Act, and

Plaintiff(s) claims as follows:

## JURISDICTION AND VENUE

1. Civil RICO – This Court has jurisdiction under 18 U.S.C. Sec. 1964 (a) and 28

   U.S.C. Sec. 1331.  Venue is proper in this forum under 18 U.S.C. 1965 (a) and

   (b), and 28 USC 1391 (a) and (b).

## PARTIES

2. The Plaintiff, Robert C. Bolus, Sr., is a competent adult, who at all relevant times

   had a principal place of business located at 922 Sanderson Street, Throop, PA.

3. The Defendant, Louis DeNaples (DeNaples), is a competent adult with a principal

   place of business located at 400 Mill Street, Dunmore, PA.

4. The Defendant, DeNaples Autoparts, is believed to be an enterprise licensed and

   authorized to do business within The Commonwealth of Pennsylvania, who at all

   relevant times held a principal place of business at 400 Mill Street, Dunmore, PA.

5.  Defendant, Keystone Sanitary Landfill, is believed to be to be an enterprise

    licensed and authorized to do business within The Commonwealth of

    Pennsylvania, who at all relevant times held a principal place of business on

    Durham Drive, Dunmore, PA.

6.  Defendant, the Lackawanna County Office of The District Attorney, is an

    enterprise and political sub-division of the County of Lackawanna, Pennsylvania,

    who at all relevant times, held a principal place of business located at 200 N.

    Washington Avenue, Scranton, PA.

7.  Defendant, John Doe, is a competent adult, believed to be a licensed attorney at

    all times, representing The Commonwealth of Pennsylvania through the

    Lackawanna County District Attorney's Office, who at all relevant times held a

    principal place of business located at 200 N. Washington Avenue, Scranton, PA.

8.  The Defendant, The Pennsylvania State Police, is to believed to be an enterprise

    and political subdivision of The Commonwealth of Pennsylvania, whose principal

    place of business is believed to be located at 1800 Elmerton Avenue, Harrisburg,

    PA 17110, and at all relevant times was managed by Glen Walp, as

    Commissioner of The Pennsylvania State Police.

9.  The Defendant, Glen Walp, is a competent adult, whose present address is

    unknown, but at all relevant times served as Commissioner of The Pennsylvania

    State Police, believed to be an enterprise and political subdivision of The

    Commonwealth of Pennsylvania, whose principal place of business is believed to

    be located at 1800 Elmerton Avenue, Harrisburg, PA 17110, and at all relevant

times was managed by Glen Walp, as Commissioner of The Pennsylvania State Police.

10. The Defendant, The Pennsylvania State Police (Troop "R"), is believed to be an enterprise and political subdivision within The Commonwealth of Pennsylvania, who at all relevant times held a principal place of business at Keystone Industrial Park, Dunmore, PA, and is believed to be a political subdivision, entity, and/or affiliate of The Pennsylvania State Police.

11. The Defendant, John Doe, Pennsylvania State Police, Troop "R", is a competent adult, whose present address is unknown, but at all relevant times was a member, agent, or employee of The Pennsylvania State Police, Troop "R", and under the control, direction, and employment of The Pennsylvania State Police

12. The Defendant, John Doe, Confidential Informant A-1, is believed to be a competent adult whose present address is unknown, but for all relevant times, is believed to be a secret agent, member, employee, servant, or informant of The Pennsylvania State Police, Troop "R".

13. The Defendant, John Doe, Confidential Informant A-2, is believed to be a competent adult whose present address is unknown, but for all relevant times, is believed to be a secret agent, member, employee, servant, or informant of The Pennsylvania State Police, Troop "R".

14. The Defendant, Kenneth Frohlick, is a competent adult whose present address is unknown, but is believed to reside in Roslyn New York, who at all relevant times was the original owner of a front loader, that was the subject Plaintiff's 1991 criminal conviction, and obtained an individual, Steve Hutter, to steal and dispose

4

of the front end loader, so that Mr. Frohlich could collect insurance insurance money fraudulently.

15. The Defendants, John Doe, IRS Agent, is believed to be an adult and competent individual, whose present address is unknown, but at all relevant times was believed to be a member, agent, or employee of an agency of The United States Federal Government, known as The Internal Revenue Service.

16. The Defendant, Fidelity Deposit and Discount Bank, is believed to be an enterprise licensed and authorized to do business within The Commonwealth of Pennsylvania as a bank and conduct other related services.  At all relevant times, the bank's principal place of business is believed to be located at Drinker and Blakely Street, Dunmore, PA, and at all relevant times, was believed to be under the control, guidance, and direction of its stock holders and board of directors, who are herein being sued both individually and collectively as the enterprise known as Fidelity Deposit and Discount Bank.

**FACTUAL BACKGROUND**

17. Between 1980 and 1991, Plaintiff was engaged in the lawful business of towing, salvage, storage, and repairs of interstate vehicles within The Commonwealth of Pennsylvania and its bordering states of New York and New Jersey.

18. Plaintiff was obstructed from conducting his legal business by the enterprise known as The Pennsylvania State Police, and its officers, agents, employees and associates at the behest and orders of Captain Frank Kosolnick, and co-conspirators, Louis DeNaples, for and on behalf of DeNaples Towing and Auto

Parts, Inc., who have formed an alliance in an attempt to monopolize and control the aforementioned business that both Plaintiff and Defendant Louis DeNaples, and the enterprise known as DeNaples Towing and Auto Parts, Inc., their associates and/or entities were engaged in as competitors.

19. Between 1980 and 1991, Plaintiff was engaged in the lawful business of interstate transportation and storage of solid refuge brought into The Commonwealth of Pennsylvania by tractor trailers from the sister states of Ohio, New York, and New Jersey.

20. Plaintiff was obstructed from conducting his legal business by the enterprise known as The Pennsylvania State Police, and its officers, agents, employees and associates at the behest and orders of Captain Frank Kosolnick, and co-conspirators, Louis DeNaples, for and on behalf of DeNaples Towing and Auto Parts, Inc., who have formed an alliance in an attempt to monopolize and control the aforementioned business that both Plaintiff and Defendant Louis DeNaples, and the enterprise known as Keystone Sanitary Landfill, Inc., their associates and/or entities were engaged in as competitors.

21. In 1991, Plaintiff was convicted of two counts of receiving stolen property (felonies of the third degree), one count of tampering with evidence (a second degree misdemeanor), and one count of criminal solicitation (second degree misdemeanor).

22. As a result of the convictions, Plaintiff was sentenced to an aggravate four months to two years imprisonment.

23. In 2001, Mr. Bolus was the Republican nominee for Mayor in Scranton, PA. Article II, Section 7 of The Pennsylvania Constitution prohibits any person convicted of an infamous crime from holding public office.

24. Plaintiff filed a Petition in Commonwealth Court seeking a Declaratory Judgment that his felony convictions were not, by definition, "infamous crimes.".

25. On October 23, 2001, in response to the above-stated Petition, The Commonwealth Court held that Mr. Bolus was barred from holding public office due to his prior convictions.

26. In 2001, Mr. Bolus filed a motion in the Superior Court of Pennsylvania, conceding preclusion from asserting a claim under The Post Conviction Collateral Relief Act (PCRA) because he was not incarcerated, but stated that he was entitled to habeas corpus relief because of the collateral consequences of his conviction.

27. He contended, but for his wrongful convictions, he would be free to attain public office.

28. The Court ruled that Mr. Bolus was not incarcerated and therefore ineligible for PCRA relief, in addition to the PCRA's untimely filing.

29. The Court did not address the collateral consequences argument of Mr. Bolus..

30. On November 23, 2009, Mr. Bolus filed a motion for a new trial, based on the Discovery of new evidence.

31. Relief was denied on December 22, 2005, Mr. Bolus appealed.  The appeal was quashed on September 19, 2006.

32. On May 6, 2009, Mr. Bolus filed a PCRA Petition based on newly discovered exculpatory evidence.

33. Mr. Bolus obtained an affidavit from the individual (Steve Hutter) who was involved in Kenneth Frohlick's crimes, for which he was convicted.

34. The affidavit stated that Mr. Hutter was obtained by Kenneth Frohlick, the original owner of the machinery, to steal and dispose of the Front End Loader, so that Mr. Frohlick could collect insurance money fraudently.

35. This affidavit was obtained on May 5, 2009, and before this date, Mr. Bolus did not have knowledge of this information, despite diligent efforts to obtain it since 1991.

36. Mr. Bolus did not participate in, or have any knowledge of the theft and/or insurance fraud.

37. Mr. Bolus was merely a bonafide purchaser for value without notice of the equipment.

38. Defendant, Louis DeNaples, during the subject trial, testified that he bought the machine, paid for it, and it was nobody's business what he paid for it, refusing to answer any further questions.

39. The Court refused to direct DeNaples to answer any questions and Mr. Bolus's Attorney's refused to compel answers.

40. Defendant, Louis DeNaples, subsequently used the machine for a long period of time, causing a catastrophic loss to the machine in damages, and demanded rental costs the Plaintiff after he purchased the machine from MOAC Insurance Company after the trial at issue.

41. If Defendant, DeNaples, testified or was compelled to testofy as to what he actually paid for the machine, it would be close to what Plaintiff paid for the machine and would remove the appearance of any fraudulent activity on the part of Mr. Bolus.

42. The Superior Court dismissed the Petition on May 21, 2010, again stating that Mr. Bolus was ineligible for PCRA relief as he had completed his sentence for the convictions at issue.

43. On May 22, 2010, Mr. Bolus filed a petition for allowance of appeal to The Pennsylvania Supreme Court which was rejected by the Court as untimely.


**COUNT I**
**CIVIL RICO ACTION-VIOLATIONS OF 18 U.S.C. 1962 (c)**

44. Plaintiff incorporates paragraphs 1 through 43 as if fully set forth in their entirety.

45. Mr. Bolus acquired a front end loader in 1991.

46. The purchase took place through a third party by way of Kenneth Frohlick.

47. The machinery was subsequently delivered to Mr. Bolus by Mr. Hutter.

48. Mr. Bolus bought the equipment as a bonafide purchaser for value without notice that the property was stolen.

49. Mr. Bolus was consequently tried and convicted of receiving stolen property.

50. Each exchange of stolen equipment represented a separate act.

51. In 2001, Mr. Bolus was notified that he was ineligible to take public office because of the forestated convictions.

52. The inability to pursue his chosen profession, and the implications of being a convicted felony offender, because of the criminal conduct of the Defendants, is the injury for which Mr. Bolus seeks redress.

53. The Defendants are "persons" under 18 U.S.C. Sec. 1961 (3).

54. The Defendants committed acts of racketeering within the meaning of 18 U.S.C. 1961, as follows:

   a. Acts or threats involving extortion.

   b. Violations of Federal Law involving mail fraud.

   c. Violations of Federal Law involving wire fraud.

55. The racketeering acts of Defendants constitute racketeering activity within the meaning of 18 U.S.C. Section 1961 in that they are related to one another and are continuous.  These racketeering acts are continuous in that they have occurred over a period exceeding two (2) years, will continue into the future, and pose a threat of continuing for years.  The racketeering activities also pose a risk of continuing for years because the final status of Plaintiff, Mr. Bolus's, convictions, has yet to be determined and those felony convictions and their consequences may have effects that are felt well into the future.

56. The Defendants are a RICO enterprise within the meaning of 18 U.S.C. 1961 in that they are a group of individuals and legal entities associated in-fact for the reasons pleaded.

57. As a direct and proximate result of Defendants' violations of 18 U.S.C. 1962, Plaintiff has suffered injury to his business and property, has incurred legal fees,

court costs, deprivation of liberty, deprivation of personal property, and suffered felony criminal convictions.

## Count II

### Civil RICO- Violations of 18 U.S.C. 1962 (d)

58. The Plaintiff incorporates paragraphs 1-49 by reference as if fully set forth.

59. The Defendants are "persons" within the meaning of 18 U.S.C. 1961 (3).

60. The Defendants conspired with each other and others for the commission of violations of 18 U.S.C. 1962 (c).

61. As a direct and proximate result of Defendants' violations of 18 U.S.C. 1962, Plaintiff has suffered injury to his business and property, has incurred legal fees, court costs, deprivation of liberty, deprivation of personal property, and suffered felony criminal convictions.

## Count III

### ACTION FOR NEGLECT TO PREVENT

62. Plaintiff incorporates paragraphs 1-53 herein as if fully set forth.

63. 42 U.S.C. 1986 provides that "Every person who, having knowledge of any of the wrongs conspired to be done and mentioned in Section 1985 of this title, are about to be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.

64. Plaintiff alleges that Defendants knew of one anothers' plans to violate his equal protection and did nothing to prevent the falsities and misinformation generated and provided at his trial.

## DAMAGES

65. As a result of the Defendants' conduct, Plaintiff has suffered extreme emotional distress, having been brought through a trial and subsequent conviction on two felonies.

66. Plaintiff has incurred legal costs and fees, including, but not limited to the costs and fees of his criminal defense and appeals, as well as the costs and fees of this litigation.

67. Plaintiff requests that treble damages be rewarded, as permitted under the RICO Statute and based on the Defendants' outrageous conduct.

68. Plaintiff requests compensatory and punitive damages against the Defendants for violations of his civil rights.

## JURY DEMAND

Plaintiff requests a jury trial on all factual issues.

**WHEREFORE**, Plaintiff respectfully requests a Judgement in his favor and against the Defendants, together with all damages allowed under applicable law, including compensatory and punitive damages, costs of litigation, attorney fees, and any other damages allowed by law.

13

Respectfully submitted,

/s/Anthony J. Moses

ANTHONY J. MOSES, ESQ.
Supreme Court I.D. No. 308229
Attorney for Robert C. Bolus, Sr.
792 W. Market Street
Kingston, PA  18704
(570) 855-8054
(570) 287-0115 (Facsimile)